[Civil No. 2357. Filed May 26, 1925.]

[236 Pac. 714.]

# R. A. HOOKER and J. T. BRANYON, Appellants, v. M. E. HEAD, Appellee.

1. HOMESTEAD—SUBDIVISION OF TRACT INTO LOTS HELD NOT TO LIMIT HOMESTEAD TO LOT ON WHICH DWELLING WAS SITUATED.—Subdivision of tract into lots, although dwelling occupies but one lot, does not limit right of selection of homestead to lot upon which dwelling is situated, unless value of lot and dwelling equaled or exceeded $4,000, in view of Civil Code of 1913, paragraph 3288, allowing selection of homestead not to exceed $4,000 in value.

2. HOMESTEAD—LAND DIVIDED BY HIGHWAY HELD TO CONSTITUTE "COMPACT BODY."—Where tract, which had been subdivided into lots, was subsequently bisected by highway, fee-simple title to which was in county, fact that some of lots necessary to make up allowed value of homestead were separated by highway from lot occupied by dwelling did not make tract any the less a compact body, within Civil Code of 1913, paragraph 3288, allowing homestead not to exceed $4,000 in value, provided land shall be in one compact body.

———

See (1) 29 C. J., pp. 829, 831.   (2) 29 C. J., p. 832.

1.  See 13 R. C. L. 576.
2.  See 13 R. C. L. 578.

APPEAL from a judgment of the Superior Court of the County of Greenlee. W. R. Chambers, Judge. Affirmed.

Mr. C. Hooker, for Appellants.

Mr. L. Kearney, for Appellee.

ROSS, J.—The appellee brought this action against appellant Branyon, purchaser at an execution sale, to quiet her title as a homestead claimant to certain lots. The other defendant, Hooker, disclaimed in his answer any interest in premises, and is only a nominal party on this appeal.

The only question involved is whether the land claimed is "one compact body," so as to entitle the appellee to select it as her homestead. The premises claimed consist of the appellee's dwelling-house and 21 lots in block 1 of Head's Addition to the town of Duncan, in Greenlee county. In 1914, said piece of land was subdivided and platted by appellee and her husband into town lots, numbered consecutively from 1 to 46 inclusive, and a map and plat thereof was filed in the office of the county recorder of Greenlee county. Thereafter, on June 12, 1916, appellee and her husband quitclaimed to Greenlee county, through and across said block, a strip of land 40 feet wide "to be used as a county road or public highway." The premises claimed as a homestead are situate, lots 11 to 20, inclusive (on which is appellee's dwelling) on the west side of such highway, and lots 31 to 42, inclusive, on the east side thereof. The total value of such premises does not exceed $4,000. It is claimed by appellants that the grant of the strip of 40 feet to the county was of a fee-simple title, and had the effect of dividing the tract so that the homestead claimant was restricted in the selection of the homestead to the lots on one side of the highway. Appellant lays

claim, therefore, to lots 31 to 42, inclusive, located on the east side of the highway.

Paragraph 3288, Civil Code 1913, provides that every head of a family, residing in the state, may hold as a homestead real property, to be selected by him or her, not to exceed in value $4,000, said homestead to consist of the dwelling in which claimant resides and the land on which it is situated, or of land that the claimant shall designate, provided that, in either event, the land shall be in one compact body. Under this statute, when the dwelling is selected the claim of homestead extends to the land "on which it is situated," provided it is in one compact body and does not exceed in value $4,000.

The subdividing of the land into lots, although the dwelling occupied but one lot, would not limit the right of selection to the one lot, unless its value combined with that of the dwelling equaled or exceeded $4,000. We do not think that because some of the land necessary to make up the allowed value is separated from the land occupied by the dwelling by a public highway, the fee-simple title to which is in the county, makes it any the less a compact body within the meaning of the statute. For instance, the homestead may be selected without any limitation except value and compactness. Assuming that it is 160 acres of country land, unbisected by a public highway, the right to select it as a homestead is unquestioned. If, however, the homestead claimant, yielding to the necessities of the community, should deed a strip of land across his 160 acres to the county for a public highway, according to appellant's contention his homestead would be confined to the acreage on the side of the highway where his dwelling was situate, even though the value might be much less than $4,000. However, we think the two sides of the highway, within the spirit and intent of the statute, would still

constitute one compact body for the purpose of claim-
ing a homestead. The deeding of a strip across the
land to the county for a public highway, even though
the grant was of the fee, does not destroy the com-
pactness, as would be the case if deeded in fee to a
third person for general uses. In 29 C. J. 832, sec-
tion 114, it is said:

"Both in jurisdictions where a homestead may be
claimed in noncontiguous tracts and in jurisdictions
where it may not, it is commonly held that an owner
of land may claim a homestead in a lot or tract
divided by a highway, street, or alley, railway right of
way, stream of water, quarter-section line, fence, or
garden, provided the whole is used for the purposes
of a homestead, and the value does not exceed the
limit fixed by constitutional or statutory provision."

In speaking of the policy of the homestead law, in
*Wuicich* v. *Solomon-Wickersham Co.*, 18 Ariz. 164,
157 Pac. 972, we said:

"If claimed as a home [the homestead], it must be
occupied as such, and cannot exceed in value $4,000;
if not used and claimed as a home, it must be limited
to a valuation of $4,000, and, whichever it be, the
dominating central idea, under our statute, is not,
like that in most of the states, that it shall be occu-
pied, but that it shall be a fund or asset to which the
family may look for support, free from creditors."

And later, in *Union Oil Co.* v. *Norton-Morgan Com.
Co.*, 23 Ariz. 236, 202 Pac. 1077, it is said:

"We think the dominant idea under our law is to
save exempt to the family the amount of money
therein designated as the value of a homestead. This
is evident because the homestead is not necessarily
the dwelling house or home of the family. It may be
of unimproved real property, with no limit upon its
quantity except as fixed by its value, and should it
be sold in the manner provided by paragraph 3295 of
the Civil Code, the officer, out of the proceeds aris-
ing therefrom, is first required to pay to the home-

steader 'the sum of $4,000, which shall be protected from all legal process.' "

It seems to us that the holding of the lower court, to the effect that the compactness of the body of land here claimed by appellee as her homestead was not destroyed by the grant of a right of way for a public road over such land, was correct; and that the purpose and intent of the homestead law is not contravened in allowing the appellee to claim her homestead on both sides of the highway, it not exceeding in value $4,000.

The judgment of the lower court is affirmed.

McALISTER, C. J., and LOCKWOOD, J., concur.